UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Christopher Lee Tucker,

          Plaintiff,      Case No. 24-cv-10961

v.                                 Judith E. Levy
                                  United States District Judge

Federal Bureau of Investigation,
*et al.*,                           Mag. Judge Anthony P. Patti

         Defendants.

_____/

## ORDER OF DISMISSAL

On April 11, 2024, the Clerk's Office entered on the docket two documents submitted by Plaintiff Christopher Lee Tucker: a complaint (ECF No. 1) and an incomplete application to proceed without prepaying the fees or costs for this litigation. (ECF No. 2; ECF No. 6, PageID.142.) Plaintiff is self-represented or proceeding *pro se*. He sues Defendants the Federal Bureau of Investigation, Barack Obama, Donald J. Trump, and Weaver Jack Corp. (ECF No. 1, PageID.1–2, 4.) The docket reflects that a notice that the Court mailed to Plaintiff on

April 16, 2024 was returned to the Court as undeliverable. (ECF Nos. 4, 5.)

On June 20, 2024, the Court issued an order directing Plaintiff to submit (1) a revised application to proceed without prepaying fees or costs and (2) a written notice that contains his current address. (ECF No. 6.) The Court specified that the deadline for Plaintiff to submit these documents was July 11, 2024. (*Id.* at PageID.143–144.) The Court indicated that it lacked the information necessary to "determine whether Plaintiff is unable to pay the applicable fees." (*Id.* at PageID.142.) It stated that Plaintiff is "obligat[ed] under Eastern District of Michigan Local Rule 11.2 to provide the Court with his current address and to notify the Court of any changes in his contact information."[1] (*Id.* at PageID.143.) The Court warned Plaintiff that "**[i]f**

---

[1] Local Rule 11.2 states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

2

**[he] fails to comply with th[e] order, the case may be dismissed for failure to abide by Eastern District of Michigan Local Rule 11.2 and/or for failure to prosecute under Eastern District of Michigan Local Rule 41.2.**"[2] (*Id.* at PageID.144 (emphasis in original).)

The Court mailed the June 20, 2024 order to Plaintiff's address identified in the complaint: 601 East Maumee Street, Apt. 8, Adrian, MI 49221. (ECF No. 1, PageID.2; ECF No. 6, PageID.142–143.) The Court also mailed a copy of the order to a slightly different address that appeared in a letter attached to Plaintiff's partial application to proceed without prepaying fees or costs: 160 East Maumee, Apt. 8, Adrian, MI 49221-2743. (ECF No. 2, PageID.135; ECF No. 6, PageID.142–143.) A

---

E.D. Mich. LR 11.2.

[2] Local Rule 41.2 states:

Subject to Fed. R. Civ. P. 23(e) and LR 81.1, when it appears that the Court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown. An application for a continuance or pending discovery may not preclude a dismissal for failure to prosecute.

E.D. Mich. LR 41.2.

3

filing dated July 9, 2024 indicates that the copy of the Court's order that was sent to 601 East Maumee Street was returned to the Court as undeliverable. (ECF No. 7.) The Court notes, however, that there is no indication on the docket that Plaintiff did not receive the other copy of the order that was mailed to him at 160 East Maumee. As of today's date, Plaintiff has not submitted the required materials, asked that the deadline be extended, or otherwise responded to the Court's June 20, 2024 order.

The Court dismisses this case without prejudice due to Plaintiff's failure to comply with the Court's order, his failure to prosecute the case against Defendants, and his failure to indicate his current address. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2, 41.2; *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–33 (1962). Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 WL 8867912, at *2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b); citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)), *cert. denied*, 144 S. Ct. 850 (2024), *reh'g denied*, 144 S.

4

Ct. 1133 (2024). "[A] Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information related to their current address." *Beavers v. Dunn*, No. 23-10802, 2023 WL 8287196, at *2 (E.D. Mich. Oct. 24, 2023) (citing *Watsy v. Richards*, 816 F.2d 683 (6th Cir. 1987); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002); *Rogers v. Ryan*, No. 16-12735, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017)), *report and recommendation adopted*, No. 23-10802, 2023 WL 8283605 (E.D. Mich. Nov. 30, 2023).

When contemplating the dismissal of a case under Rule 41(b), the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit*

*Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Plaintiff did not submit—by July 11, 2024—a revised application to proceed without prepaying the fees or costs of this litigation and a written notice that contains his current address. Plaintiff has not requested an extension of time to submit these documents. He has not responded to the Court's order in any way. "Although his conduct does not establish bad faith, it nevertheless shows willfulness and fault in that he was at best extremely dilatory in not pursuing his claim[s], which indicates an intention to let his case lapse." *Schafer*, 529 F.3d at 739.

The second factor does not favor dismissal. "Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the

6

'waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide.'" *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277–78 (6th Cir. 2023) (alterations in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)). Here, Defendants have not been prejudiced by Plaintiff's conduct because they have not been served with the complaint or appeared in the case.

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). In this case, the Court previously warned Plaintiff about the possibility of dismissal if he failed to comply with the June 20, 2024 order. (ECF No. 6, PageID.144.)

The fourth factor also favors dismissal because the Court considered lesser sanctions prior to this dismissal order. The Court issued an order regarding the issues with Plaintiff's application to proceed without prepaying fees or costs as well as with Plaintiff's

7

contact information. The Court gave Plaintiff ample time to correct the deficiencies identified in that order.

In sum, three of the four factors discussed above favor dismissal. The Court therefore concludes that it is not an abuse of discretion to dismiss this case for failure to comply with the Court's order, for want of prosecution, and due to Plaintiff's failure to indicate his current address. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2, 41.2.

Accordingly, this case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: November 5, 2024      s/Judith E. Levy
    Ann Arbor, Michigan     JUDITH E. LEVY
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 5, 2024.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager